IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DILAN SINEM BASARAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| MARTIN DATA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Dilan Sinem Basaran respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Basaran is an individual and a Turkish citizen. She is also a resident of the State of Georgia who resides in this District and this Division. Ms. Basaran is a "consumer" under 15 U.S.C. § 1681a(c).

2. Defendant Martin Data LLC ("Martin Data") is an Ohio limited liability company. Defendant transacts business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant can be served with process by serving its registered agent, Mark Richard, at 735 Taylor Road, Suite 220, Columbus, Ohio 43230.

3.  The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(3).

## Factual Background

5.  Ms. Basaran received her undergraduate degree in business administration in Turkey and her master's degree in management in Germany. She subsequently applied for and was accepted to the PhD program in Communication at Georgia State University ("GSU").

6.  During the first two years of her PhD studies, Ms. Basaran was selected to work as a presidential research fellow at the Transcultural Conflict and Violence Initiative at GSU, and assisted the GSU faculty on research projects funded by the Minerva Initiative of the United States Department of Defense. These research projects focused on analyzing communications of terrorist groups and providing information for purposes of national defense. She has also presented her research in academic conferences. Moreover, her additional research focus is on computer mediated communication, specifically social media uses and effects.

7. After finishing her work as a presidential research fellow, Ms. Basaran continued to work as a Graduate Research and Teaching Assistant at GSU. Currently, she is assisting her advisor professor in social media research studies while also teaching communication classes to undergraduates at GSU and writing her PhD dissertation.

8. After completing her PhD, Ms. Basaran wants to stay in the United States and be a professor at a university. She wants to be a productive member of American society by educating college students and contributing to their personal and professional development, while also contributing to social science efforts with her research.

9. As a graduate student, Ms. Basaran lives on a very tight budget.

10. Furthermore, as someone who is studying in the United States on a student visa, there are strict limitations on Ms. Basaran's ability to seek/obtain employment, and her options are very limited. Curricular Practical Training ('CPT") is temporary, off-campus employment authorization for students on F1 visas, like Ms. Basaran. Curricular means that the work must be related to a course in the student's major. This is the only way for Ms. Basaran to get an off-campus job, and every academic semester there is a window to apply for CPT. When this window closes for a specific semester and the student misses the deadline, then the student is not allowed to be employed during that semester.

11. As an international student on a visa, Ms. Basaran has been living on the small graduate student stipend she receives from GSU. However, her housing costs have increased, and she was forced to find an internship, as her only option for additional income is doing CPT. If she fails to have enough money to live, she is potentially homeless, and could be sent back to Turkey, without having finished her PhD.

12. In July 2019, Ms. Basaran applied and interviewed for a paid intern position with Bark.us, which is a company that produces software that protects children from online predators when using social media, text messaging and using email.

13. The intern position with Bark.us was particularly important to Ms. Basaran because it was in her field of study, would provide her with valuable experience and industry contacts and was compensated, which is particularly important for a graduate student living on a tight budget, as explained above.

14. On August 13, 2019, Ms. Basaran received a job offer from Bark.us contingent upon passing a background check.

15. On August 13, 2019, Bark.us retained a company called Inflection Risk Solutions, LLC d/b/a Goodhire ("Goodhire") to conduct a background check on Ms. Basaran for employment purposes pursuant to 15 U.S.C. § 1681b(a)(3)(B).

16. Goodhire is a consumer reporting agency under 15 U.S.C. § 1681a(f).

17. Defendant is a "furnisher" of information to Goodhire, *i.e.* Defendant provides information regarding consumers, like Ms. Basaran, to Goodhire, which Goodhire then incorporates into consumer reports that it sells for permissible purposes pursuant to 15 U.S.C. § 1681b.

18. In the course of preparing a consumer report on Ms. Basaran, Goodhire obtained data, ostensibly regarding Ms. Basaran, from Defendant.

19. The information that Defendant furnished to Goodhire regarding Ms. Basaran was inaccurate. Specifically, Defendant furnished information to Goodhire:

    a. Stating that Ms. Basaran's name was actually "Shemica M. Butler" and that Ms. Basaran had 10 additional names and aliases, including Shemika Butler, Shemika M. Bulter, Shemica Butler, Shemica M. Webb, Shemic A. Webb, Shemeca Webb, Shemika Webb, Shemica Webb, Ahemica Webb, and Shemica T. Webb. That information was entirely false and inaccurate. Ms. Basaran's full name is Dilan Sinem Basaran, and she has never used another name or alias.

    b. Stating that Ms. Basaran had two different dates of birth, one in 1989 and another in 1979. That information was false and inaccurate, patently contradictory and logically impossible. Ms. Basaran was not born in 1979.

    c. Stating that Ms. Basaran's "SSN" was "valid," but also stating that her "name and Social Security number combination could not be verified." That information was contradictory, confusing and derogatory, implying that Ms. Basaran was using someone else's Social Security number.

  20. On August 14, 2019, Goodhire completed its background check on Ms. Basaran and provided the results to Bark.us (the "Goodhire background check"). The Goodhire background check incorporated the inaccurate information that Defendant furnished to Goodhire, which is described in Paragraph 19 above.

  21. The Goodhire background check was a consumer report under 15 U.S.C. § 1681a(d).

  22. On August 16, 2019, Bark.us notified Ms. Basaran that she would no longer be considered for the intern position. Bark.us also suggested that Ms. Basaran should attempt to "clear up" the confusion regarding her identity and told her that she would perhaps be reconsidered for the position once the issue was resolved.

  23. Bark.us' decision that it would no longer consider Ms. Basaran for the intern position was expressly made on the basis of the Goodhire background check, specifically the information described in Paragraph 19 above, and constituted "adverse action" against Ms. Basaran pursuant to 15 U.S.C. § 1681a(k).

24. In an effort to correct the inaccurate information in the Goodhire background check, Ms. Basaran promptly exercised her rights under 15 U.S.C. §§ 1681i(a) and 1681s-2(b).

25. Specifically, on August 21 and 22, 2019, Ms. Basaran disputed the inaccurate information on her Goodhire background check with Goodhire in telephone calls. Then, August 28, 2019, Ms. Basaran sent a letter to Goodhire in which she disputed the accuracy of the information in the Goodhire background check. With her dispute letter, Ms. Basaran provided a wealth of identifying information to prove her identity, including copies of her passport, her visa, her Social Security card and her ID issued by the State of Georgia.

26. Goodhire subsequently forwarded Ms. Basaran's August 28 dispute letter and the attachments thereto to Defendant.

27. Defendant conducted a reinvestigation of Ms. Basaran's dispute, as it was required to under 15 U.S.C. § 1681s-2(b).

28. Unfortunately, the reinvestigation that Defendant conducted did not correct the inaccurate information in the Goodhire background check that had been furnished by Defendant. Specifically, even after Defendant's reinvestigation, Ms. Basaran's Goodhire background check continued to show that she had multiple names, including Shemica M. Webb, multiple aliases, two different dates

of birth and that her name and Social Security number combination could not be verified.

29. Defendant negligently or recklessly and willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable reinvestigation of Ms. Basaran's disputes, to wit:

    a. It failed to consider the identifying documents that Ms. Basaran provided with her August 28, 2019 dispute letter, which conclusively confirmed her name, identity and correct date of birth.

    b. It failed to correct her name, and continued to report names and aliases that she has never used.

    c. It failed to correct her date of birth, and continued to report that she had two dates of birth, which is contradictory and logically impossible.

    d. It continued to report that the combination of her name and Social Security number could not be verified, despite the fact that her dispute letter included a copy of her Social Security card.

30. By the time Defendant completed its reinvestigation, the window of opportunity for Ms. Basaran to obtain employment for the semester had closed. As a result, she was unemployed, unemployable and could not seek employment again until January 13, 2020.

31. Furthermore, Ms. Basaran spent more than 100 hours attempting to correct the inaccurate information that Defendant furnished to Goodhire and dealing with the consequences thereof. As a result, she fell behind in her studies, including the drafting of her PhD dissertation and is in danger of not completing her PhD within the time permitted by her student visa.

32. As a proximate result of Defendant's negligent or reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Basaran has suffered actual damages, including without limitation economic damages form of lost wages which she would have received as a paid intern for Bark.us and severe emotional distress, which manifested in uncontrollable crying, sleeplessness, anxiety and inability to focus on her studies in the work on her PhD dissertation.

## Count 1 – Violation of 15 U.S.C. § 1681s-2(b)

33. Defendant negligently or recklessly and willfully failed to conduct a reasonable reinvestigation of Ms. Basaran's disputes as alleged in Paragraph 29 above.

34. As a proximate result thereof, Ms. Basaran has suffered and is entitled to recover actual damages, as alleged in Paragraph 32 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

35. In the alternative and as a result of Defendant's reckless and willful violation of 15 U.S.C. § 1681s-2(b), Ms. Basaran is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

36. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Ms. Basaran is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

37. Ms. Basaran is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Basaran respectfully prays that the Court:

1. Issue process to the Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Basaran consistent with the jury's verdict; and

4. Grant Ms. Basaran such other and further relief as it deems just and necessary.

This 9th day of September, 2020.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** <br> 1872 Independence Square, Suite D <br> Dunwoody, Georgia 30338 <br><br> *Counsel for Plaintiff* | */s/ Craig E. Bertschi* <br> Craig E. Bertschi <br> Georgia Bar No. 055739 <br> ceb@mcraebertschi.com <br> 678.999.1102 <br><br> Charles J. Cole <br> Georgia Bar No. 176704 <br> cjc@mcraebertschi.com <br> 678.999.1105 |